**Kiley v. Tredyffrin Township Board of Supervisors**

*William S. Huganir*, for plaintiff.
*William H. Lamb*, for defendant.

STIVELY, *J.*, July 2, 1980—The above captioned matter comes before the court on defendant's motion to strike reply to new matter, amended reply to new matter and to vacate order to amend reply to new matter. The procedural chronology is as follows:

| | |
|---|---|
| Complaint in mandamus | May 26, 1978 |
| Preliminary objections | June 12, 1978 |
| Order overruling preliminary objections | January 2, 1979 |
| Answer and new matter to complaint | January 29, 1979 |
| Reply to new matter | February 20, 1979 |
| Defendant's motion for judgment on pleadings | April 2, 1979 |
| Order denying motion | September 12, 1979 |
| Plaintiff's motion to amend reply to new matter; Order granting | March 28, 1980 |
| Plaintiff's amended reply to new matter | March 28, 1980 |
| Defendant's "motion and rule" to strike reply to new matter and amended reply and to vacate Order | April 18, 1980 |
| Plaintiff's answer to motion | April 28, 1980 |

The motion seeks to have the amended reply to new matter stricken and the court's order of March 28, 1980 vacated. It also requests that the original

reply to new matter (filed February 20, 1979) be stricken for failure to serve that reply on counsel for defendant.

It must first be noted that defendant's motion contends that plaintiff served no answer to the averments of fact in defendant's answer or new matter on defendant. Plaintiff responds to this averment by stating that ". . . it is alleged and averred that the reply was duly mailed to adverse counsel February 20, 1979 when the reply was filed. . . ." It appears we have a disputed question of fact, although we find that utilizing Pa.R.C.P. 209 at this point would cause unnecessary delay and serve no useful purpose. It should be noted that defendant's motion alleges facts which are not of record but plaintiff has answered that motion and the lack of verification could be considered waived.

The amended reply to new matter is different from the original reply to new matter in that (1) the affidavit is attached which was missing in the original and (2) the denials are more artfully and properly phrased pursuant to the Rules of Civil Procedure. It may have been more appropriate for plaintiff to effect this amendment via petition and rule, but Pa.R.C.P. 1033 does not set forth the procedure which must be followed. It only states that a party may amend by consent or by leave of court. This right to amend is liberally construed and the opposing party must set forth prejudice which does more than "naturally flow from the allowance. . . ." Wood v. W. T. Grant Co., 6 D. & C. 3d 140 (1977). In the case at bar the only changes are in form and not substance. The prejudice resulting to defendant is that they cannot have the reply stricken for lack of verification or cannot obtain a ruling concerning the admission of the averments in new matter for failure

to properly deny. The prejudice alleged by defendant is not of that type which would warrant the denial to file the amended reply. It is obvious that any amendment granted a party will "have the effect of improving the position of its proponent and to some degree impoverish the position" of the opponent. See Wood, supra, 143. This in itself is insufficient in terms of prejudice. The amendments do in fact protect the rights of plaintiff to give him his day in court and not be foreclosed because of pleading technicalities. Counsel had made an effort to correct the defects prior to any further proceedings and prior to trial, and striking that reply would be unwarranted. We therefore enter the following

## ORDER

And now, July 2, 1980, defendant's motion to strike reply to new matter and amended reply to new matter is denied and the rule improvidently granted on April 18, 1980 is discharged.